## John Green and Effie Green v. Commonwealth.

### (Decided October 10, 1922.)

## Appeal from Laurel Circuit Court.

Criminal Law—Lewdness—Nuisance.—The living together of a man and woman unmarried, but with no public acts of indecency, is not a public nuisance, although they may be guilty of some other offense.

LEWIS & LEWIS for appellants.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellants, John Green and Effie Green, were convicted of maintaining a common nuisance and their punishment fixed at a fine of $500.00 each and imprisonment in the county jail for a period of twelve months.

The charge is that appellants, although unmarried, lived together as husband and wife, and habitually engaged in lasciviousness and lewd conduct, outraging the decency and injuring the morals and tranquility of the neighborhood, to the common nuisance, scandal and annoyance to all good citizens passing and repassing, etc.

The only question we deem it necessary to consider is whether the evidence is sufficient to sustain the charge. John Green is the uncle of Effie Green. John Green made his home with his mother, and when Effie was about eleven years of age she moved into their home and she and John have occupied the same house ever since. John's mother lived with them for a number of years until her death, and thereafter J. C. Green, Effie's father, spent the greater portion of his time with them. Mrs. Alex Green, wife of Alex Green, the brother of Effie Green, and her daughter, Hester Dudura, wife of Jeff McQueen, testified that during the preceding January they went to the home of appellants, and finding the front door shut, entered the house through the kitchen and saw appellants engaged in an act of lewdness. Hester Dudura also swore that she spent two nights at their home and occupied an upper room. On those occasions appellants occupied the same room, and when she passed through it in the morning, only one of the beds had been occupied. Alex Green, the brother of Effie, and his son-in-law, Jeff McQueen, testified that on one occasion they

went to John's house for the purpose of having him join them in a fox chase. After calling to John and receiving no response, they went up to the window, and putting their hands up to their faces, peeped through and saw appellants in bed together. Alex Green fixed the time at about six o'clock in the morning, while McQueen said it was between two and three in the morning. There was also evidence that Effie Green had given birth to six illegitimate children, one of whom was born during the period covered by the indictment. While other witnesses stated that they had seen appellants working in the fields and about the place, and driving together at various times, no one testified to any improper conduct occurring in public. On the other hand, the evidence given by the Commonwealth was flatly contradicted by appellants and J. C. Green, who lived with them. They further testified that there had never been any improper conduct between them, and Effie swore that her illegitimate children had been begotten by two other men.

No principle of law is better settled than that for a man and woman, not married, to cohabit as husband and wife, but with no public acts of indecency, is not an indictable offense at common law. Commonwealth v. Isaacs, 5 Rand. (Va.) 634. Adams v. Commonwealth, 162 Ky. 76, 171 S. W. 1006, L. R. A. 1916C, 651, when properly understood, does not announce a contrary rule. In that case there was not only evidence of illicit cohabitation, but evidence of public acts of indecency which could be seen and were seen by the public. In the case at bar all the acts testified to occurred within the privacy of appellant's home, and no public acts of indecency were shown. It follows that though appellants may have been guilty of some other offense, they were not guilty of maintaining a public nuisance, and that their motion for a directed verdict should have been sustained.

Judgment reversed and cause remanded for a new trial consistent with this opinion.