## John and Effie Green v. Commonwealth.

(Decided September 26, 1924.)

### Appeal from Laurel Circuit Court.

1. Nuisance—Rule to Show Cause Why Punishment for Contempt should Not be Adjudged for Violation of Judgment Must be Based on Affidavit.—Rule to show cause why defendants should not comply with judgment restraining them from occupying residence to gether as man and wife when not married, and why punishment for contempt should not be adjudged, must be based on affidavit showing violation of injunction, under Ky. Stats., section 3941m, and rule is not validated by subsequent affidavit.

2. Contempt—Procedure Provided by Statute Must be Followed in Punishing.—Whenever power to summarily punish for contempt in given class of cases is given by statute, and that statute prescribes procedure which must be had before that power is exercised, there must always be strict compliance with statutory method prescribed.

LEWIS & LEWIS for appellants.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

The only question necessary to determine on this appeal, and the only one considreed or passed upon, is whether the motion of appellants to quash the rule against them was erroneously overruled.

The facts leading up to the issual of the rule are disclosed only in the answer and response thereto filed by appellants.

Those facts are that at the June term, 1922, of the Laurel circuit court John and Effie Green were found guilty under an indictment theretofore returned charging them with maintaining a common nuisance by living together in a dwelling house on a certain described tract of land as husband and wife, although they were not then married to each other, and there engaged in lewd and lascivious conduct, and in having sexual intercourse with each other. It is disclosed that from a judgment of guilty in that prosecution the defendants appealed to this court, where on October 10, 1922, that judgment of conviction was reversed upon the ground that the evidence failed to show them guilty of the offense charged. Green v. Com., 196 Ky. 17.

The answer herein further discloses that pending the appeal in that criminal prosecution an equitable action was instituted in the Laurel circuit court in the name of the Commonwealth of Kentucky against John and Effie Green wherein the pleadings of the Commonwealth alleged in substance the same things that had been charged in the previous indictment, and that the indictment and conviction of defendants had proved inadequate to abate the nuisance, and then prayed for an injunction preventing the defendants from continuing said nuisance, or from using and occupying together the residence or tract of land in question. An answer was filed in that equitable action specifically denying many of the material allegations in it. Thereafter a judgment was entered therein requiring the two defendants to live in and occupy separate and distinct homes.

By inference we gather from the record that such judgment was entered on July 12th, 1922, although there is no copy of that judgment in the transcript.

On February 14, 1924, on motion of the attorney for the Commonwealth a rule was issued against John and Effie Green returnable on that date to show cause why they should not comply with the terms of the judgment entered in the Laurel circuit court on the 12th day of July, 1914—apparently meaning 1922—and to show cause why they should not be punished for contempt for their failure to abide by the terms of that judgment.

The defendants moved to quash the rule, demurred to it, and without waiving the motion or demurrer filed their response. The motions were each overruled, the response adjudged insufficient, and they each adjudged

to be in contempt, and on submission to a jury their punishment was each fixed at a fine of $1,000.00 and confinement in the county jail for six months, and from that judgment this appeal is prosecuted.

The equitable action to abate by injunction, and this proceeding to punish for contempt because of the violation of such injunction, were each instituted and prosecuted under the provisions of the act of 1918, being now section 3941m, Ky. Stats., 1922, consisting of 11 subsections. Subsection one declares that any place established or maintained for the purpose of lewdness, assignation or prostitution in this Commonwealth shall be a nuisance, which nuisance may be abated in an equitable action by injunction; subsection two authorizes the attorney for the Commonwealth, county attorney or any citizen of the county to maintain such equitable action in the name of the Commonwealth. Subsection three provides that evidence of the general reputation of such place may be admissible to prove the existence of the nuisance, and then provides other methods of procedure. Then in subsection four the method of procedure in contempt proceedings for the violation of such judgment is specifically provided for in the following language:

"That in case of the violation of any injunction granted under the provisions of this act, the court, or, in vacation, a judge thereof, may summarily try and punish the offender. The proceedings shall be commenced by filing with the clerk of the court an affidavit, setting out the alleged facts constituting such violation, upon which the court or judge shall cause an order of arrest to issue, under which the defendant shall be arrested."

In this proceeding no affidavit was filed prior to the issual of the rule, and it seems to be clear from the language of the quoted section that the power of the court to issue such a rule is based wholly upon the filing of an affidavit showing the violation of the injunction, and how and wherein it consisted. This is a special statutory provision prescribing the procedure in a given class of cases, and it appears from the language used to be a condition precedent to the power of the court to issue such a rule that the affidavit should have been previously filed, furnishing the necessary information as a basis.

Whenever the power to summarily punish for contempt in a given class of cases is given by statute, and that statute prescribes the procedure which must be had before that power is exercised, then there must always be a strict compliance with the statutory method prescribed.

In this proceeding no affidavit was filed, and the rule on its face recites that it was issued merely upon motion of the attorney for the Commonwealth.

Nor does the fact that six days after the issual of this rule certain citizens filed their joint affidavit stating in substance that since July 12, 1922, they had seen the defendants on the farm and in the residence set out in the order of injunction, and that defendants were then living in the house and on the farm, cure this defect even if its statements might be considered sufficient if it had been filed in advance; for the language of the statute mandatorily prescribes the method of instituting such a proceeding, and until that method has been substantially followed the court has no power to issue such a rule.

For the reason indicated the judgment is reversed with directions to quash the rule.