## Nash, et al. v. Commonwealth.

(Decided June 27, 1928.)

Appeal from Monroe Circuit Court.

Lewdness.—Evidence which failed to show any outward acts of indecency between defendants, alleged to be living together as husband and wife and committing acts of fornication and adultery, held insufficient to show that they were guilty of maintaining a common nuisance.

C. C. CRABTREE for appellants.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

On April 9, 1927, the grand jury of Monroe county returned the following indictment:

"The Commonwealth of Kentucky v. Albert Nash, Edna Deckard.

"Indictment.

"The grand jury of Monroe county, in the name and by the authority of the commonwealth of Kentucky, accuse Albert Nash and Edna Deckard of the offense of maintaining and continuing a common nuisance, committed as follows: The said Albert Nash and Edna Deckard, in the county and commonwealth aforesaid on the —— day of March, 1927, and within twelve months before the finding of this indictment, and many months prior thereto, did unlawfully suffer and permit Edna Deckard, a woman of ill repute, to live in a house located in Monroe county, on the Tompkinsville and La Fayette public road and about 14 or 15 miles west of Tompkinsville, Monroe county, Kentucky, and three miles of Bug Tussell, Kentucky, the same being then and there in his possession and control by him, and the said Albert Nash being a married man, and his wife, Mrs. Albert Nash, residing with him, and the said Albert Nash commits the acts of adultery with said Edna Deckard and permits her to live with him and his wife in said

house, and the said Edna Deckard being a single woman and not his wife, and the said Albert Nash suffering and permitting the said Edna Deckard to live and reside in said house, and there has been —— children born to the said Edna Deckard, and the said Albert Nash is the father of said children, and yet she is not his wife, to the common nuisance of all the good citizens of the commonwealth of Kentucky, then and there in the neighborhood, passing and repassing, residing and being, and having a right there 'to pass and repass, reside and be. Contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the commonwealth of Kentucky.''

On a trial before a jury the defendants were found guilty, and their punishment fixed at a fine of $125 each. They have prayed an appeal.

According to the evidence for the commonwealth, Edna Deckard was brought to the home of Nash about five years before the trial. At that time she had two children. Since that time she had given birth to three children. It was general talk throughout the neighborhood that she and Nash were living together as husband and wife, and that he was the father of her children. None of the witnesses ever saw any outward acts of indecency. On the other hand, the defendants denied that there had been any improper relations between them, and the woman testified that the chief prosecuting witness was the father of her children. Nash further testified that his wife was blind, and that he employed the Deckard woman to care for and run the household.

The court instructed the jury in substance that, if they believed from the evidence that the defendants, within 12 months before the finding of the indictment, lived together as husband and wife and committed acts of fornication and adultery, they should find them guilty and fix their punishment at a fine in any sum, or confinement in jail for any number of days, or both, in their discretion.

In the recent case of Green v. Commonwealth, 196 Ky. 17, 244 S. W. 64, we said:

"No principle of law is better settled than that for a man and a woman, not married, to cohabit as husband and wife, but with no public acts of in-

decency, is not an indictable offense at common law.''

It is true that in Adams v. Commonwealth, 162 Ky. 76, 171 S. W. 1006, L. R. A. 1916C, 651, the court took the view that outward indecency was not a necessary element. In reaching this conclusion, however, it applied the rule laid down by Mr. Bishop with respect to bawdy-houses (Bishop on Criminal Law, vol. 1, sec. 1087), which have always stood on a different plane. Indeed, the annotator, in the note to L. R. A. 1916C, supra, says:

"Adams v. Com., ante 651 (162 Ky. 76, 171 S. W. 1006, L. R. A. 1916C), is the only case found holding illicit cohabitation to be a public nuisance.''

A re-examination of the authorities has convinced us that the foregoing observation is correct, and that the rule announced in Green v. Commonwealth, supra, is the law, and should be followed, unless the Legislature sees fit to change the rule by statute. Though the evidence may have been sufficient to show that appellants were guilty of some other offense, it was not sufficient to show that they were guilty of a common nuisance, as charged in the indictment. It follows that their motion for a directed verdict should have been sustained.

Judgment reversed; and cause remanded for a new trial consistent with this opinion. Whole court sitting.